UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARREN DEON JOHNSON,            )
                                )
         Petitioner,            )   Case No. 1:13-cv-338
                                )
v.                              )   Honorable Paul L. Maloney
                                )
CINDI S. CURTIN,                )
                                )   **REPORT AND RECOMMENDATION**
         Respondent.            )
_____)

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions in the Kent County Circuit Court for first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(c). Petitioner is serving prison sentences of 10-to-30 years on the home invasion conviction and 20-to-60 years on the CSC conviction, enhanced by his status as an habitual offender. The trial court ordered petitioner to serve the two sentences consecutively to each other and to a federal sentence imposed by this court in *United States v. Johnson*, case no. 1:04-cr-219, on which petitioner was serving a period of supervised release when he committed the crimes for which he was sentenced in Kent County.

The *pro se* petition sets forth the following five claims for relief:

I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL JUDGE ALLOWED DEFENSE WITNESS LEOTIE JAMILLAH MAKURA TO TESTIFY WHILE WEARING JAIL CLOTHES[.] THIS AFFECTED THE WITNESS['] CREDIBILITY, INFRINGED ON THE

>   PRESUMPTION OF INNOCENCE AND DEPRIVED DEFENDANT OF A FAIR TRIAL.
>
> II. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS, AND DEPRIVED DEFENDANT OF A FAIR TRIAL. TRIAL COUNSEL FAIL[ED] TO FILE MOTION FOR EVIDENTIARY HEARING, FAIL[ED] TO INVESTIGATE AND INTERVIEW ALIBI WITNESS UNTIL THE DAY OF TRIAL AND WAS WOEFULLY UNPREPARED TO PRESENT A VIABLE DEFENSE.
>
> III. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO EFFECTIVELY CROSS-EXAMINE COMPLAINANT AFTER EXCLUDING TEXT MESSAGES WHICH WOULD HAVE PROVEN TO BE EXCULPATORY EVIDENCE IN DEFENDANT'S DEFENSE. TRIAL COUNSEL WAS ALSO INEFFECTIVE FOR FAILING TO IMPEACH COMPLAINANT AFTER GIVING FALSE TESTIMONY PERTAINING TO LEASE OF APARTMENT.
>
> IV. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO TIMELY FILE A WITNESS LIST WITH THE PROSECUTION, WHICH RESULTED IN THE WITNESS BEING EXCLUDED, FURTHER DENYING DEFENDANT DUE PROCESS OF LAW. THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERRORS W[AS] EXTREMELY PREJUDICIAL AND WARRANT A NEW TRIAL WHERE COUNSEL'S PERFORMANCE REPEATEDLY FELL BELOW AN OBJECTIONABLE [sic] STANDARD OF REASONABLENESS.
>
> V. THE PROSECUTION COMMITTED MISCONDUCT BY KNOWING[LY] ALLOWING PERJURED TESTIMONY TO BE ENTERED INTO THE RECORD, THEREBY DENYING DEFENDANT DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES AND MICHIGAN CONSTITUTION[S].

(Petition, ¶ 12, docket # 1, at ID#s 5-9). Petitioner presented all five issues on direct appeal, which ended on December 28, 2011, when the Michigan Supreme Court denied leave to appeal.

Petitioner has filed a motion to stay this habeas corpus proceeding so that he can return to state court to present two unexhausted claims. The unexhausted claims are (1) the evidence

was not sufficient to support the jury's verdict and (2) the Michigan Court of Appeals violated petitioner's due-process rights when it allowed the prosecutor to file a late brief. (Brief at 2-3, docket # 13). Upon review of the record, I conclude that petitioner's additional claims are clearly meritless. I therefore recommend that the motion to stay be denied.

A district court has discretion to stay a habeas corpus proceeding when a petitioner presents a "mixed petition," that is, one presenting both exhausted and unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies, but imposed two procedural limitations upon the granting of a stay. First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal. Second, petitioner must demonstrate that the unexhausted claims are not "plainly meritless." 544 U.S. at 277-78; *accord Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir. 2009). In the present case, a stay is not warranted, because petitioner's proposed claims are clearly meritless, as they are barred by the statute of limitations.

A habeas corpus petitioner is generally accorded a one-year period in which to file a habeas corpus petition in the federal court. 28 U.S.C. § 2244(d)(1). In the present case, the operative one-year period is provided by section 2241(d)(1)(A), which requires a petition to be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Supreme Court denied leave to appeal by order entered December 28, 2011. (Order, ID# 14). Petitioner did not seek *certiorari* in the United States Supreme Court, but the 90-day period in which he could have done so delayed the commencement of the one-year limitations period. *See Lawrence v. Florida*, 549 U.S.

327, 332-33 (2007). The 90-day period expired on March 27, 2012. (The year 2012 was a leap year.) The limitations period therefore expired one year later on March 27, 2013. Petitioner signed his habeas petition on March 22, 2013, five days before the expiration of the statute of limitations. That period was not tolled by the initiation of this habeas corpus proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The first time petitioner mentioned any of the unexhausted claims was in his motion to hold this matter in abeyance, filed on May 21, 2013, almost two months after the expiration of the statute of limitations.

Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure. Any attempt to raise a new claim for habeas corpus relief in a motion to amend pleadings is subject to AEDPA's one-year statute of limitations. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Consequently, a motion to amend must be denied in a habeas case where it is filed after the expiration of the period of limitations, unless the proposed amendment relates back to the date of the original pleading. *Id.* Rule 15 provides that an amendment relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the "conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." FED. R. CIV. P. 15(c)(1)(B). The Supreme Court applied this language to habeas corpus petitions in *Mayle v. Felix*, 545 U.S. 644 (2005). The Court rejected the argument that the "conduct, transaction, or occurrence" at issue in a section 2254 action should be defined so broadly as to include any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. Rather, relation back is permitted "only when the claims added by amendment arise

from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657.

The Sixth Circuit has remarked that the *Mayle* court adopted a "narrow reading" of Rule 15(c)(1). *Pinchon v. Myers*, 615 F.3d 631, 642 (6th Cir. 2010). As construed by the Sixth Circuit, *Mayle* requires denial of a motion to amend a habeas petition where a new claim "asserts a new ground for relief supported by facts that differ from those in the original petition." *Id.* The new claims that petitioner now wishes to inject in this case are completely unrelated to those in the original petition and therefore fail under this test. Petitioner's first additional claim -- insufficiency of the evidence -- is completely unrelated to the five trial errors now pending, all of which involve alleged error or misconduct by the trial judge, the prosecutor, or defense counsel. The second additional claim alleges prejudicial error by the Court of Appeals.[1]

Only if the court were to grant petitioner leave to amend his petition would this case involve a "mixed petition" qualifying for the possibility of a stay under *Rhines*. A stay and abatement of this proceeding, however, is not warranted, because petitioner does not and cannot meet the requirement of *Rhines* that the unexhausted claims have facial merit. Petitioner's unexhausted claims are plainly meritless, as they are barred by the statute of limitations. Assertion of these claims would be untimely, and, as demonstrated above, they do not relate back under *Mayle*. Consequently, a stay of these proceedings to exhaust plainly time-barred claims would be pointless.

---

[1] Petitioner's second additional claim is clearly meritless on a second ground. Habeas relief is available only for violation of a criminal defendant's clearly established federal rights, as enunciated by holdings of the Supreme Court. 28 U.S.C. § 2254(d); *see Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013). Petitioner's second additional claim is that the state court of appeals denied him due process of law by allowing the prosecutor to file a brief after the case was set for decision. The Supreme Court has never held, or even hinted, that a state appellate court commits constitutional error by letting a party file a late brief. This ground for relief is frivolous.

**Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motion for a stay of proceedings (docket # 12) be denied.


Dated:   September 6, 2013	/s/  Joseph G. Scoville
	United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).