UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DARREN DEON JOHNSON,   )<br>                                      )<br>         Petitioner,    )<br>                                      )<br>v.                                )<br>                                      )<br>CINDI S. CURTIN,          )<br>                                      )<br>         Respondent.  )<br>_____) | Case No. 1:13-cv-338<br><br>Honorable Paul L. Maloney<br><br>**MEMORANDUM OPINION** |

This matter is again before the court on a request by petitioner to inject into this habeas corpus record materials that were not before the state courts. Petitioner challenges his convictions in the Kent County Circuit Court for first-degree criminal sexual conduct and first-degree home invasion. The court has recently denied petitioner's motion to compel discovery addressed to the merits of the breaking-and-entering charge. (Order, docket # 45). Presently before the court is petitioner's motion under Rule 7 of the habeas corpus rules to expand the record with materials that were never presented to the state courts. Specifically, petitioner seeks to submit (a) a letter from the Kent County Circuit Court Clerk indicating that no affidavit of probable cause is on file for the state-court prosecution; (b) a lease for 1039 Bridge Street, Grand Rapids, Michigan, showing that petitioner was the lessee; and (c) a list of purported text messages between petitioner and his victim, dated after the rape, which petitioner contends indicate that no rape occurred.

After review of the record, I conclude that petitioner is barred by the provisions of AEDPA from expanding the record as requested in his motion.

The ability of a habeas corpus petitioner to introduce new evidence in support of his habeas corpus petition is significantly circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Supreme Court has recently underscored the fundamental policy of AEDPA to "strongly discourage" petitioners from submitting new evidence in support of their request for relief in federal court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011). Except in those circumstances allowed by 28 U.S.C. § 2254(e)(2), habeas corpus review is limited to the record that was before the state court. 131 S. Ct. at 1400-01.

The Rules Governing Section 2254 Proceedings in the District Courts contemplate two methods for the introduction of new evidence in support of a habeas corpus petition. One method is under Rule 7(a), which allows the court to direct the parties to expand the record by submitting additional materials relating to the petition. The other method is an evidentiary hearing, authorized by Habeas Rule 8. The provisions of AEDPA significantly limit the circumstances in which a habeas court is allowed to grant evidentiary hearings. 28 U.S.C. § 2254(e)(2). AEDPA provides that the district court shall not hold an evidentiary hearing "if the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). This standard requires the exercise of diligence by a habeas petitioner. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000). If the record shows that petitioner is guilty of a lack of diligence, or some greater fault, in failing to develop the factual basis of the claim in the state courts, then the habeas court is likewise required to deny an evidentiary hearing. 529 U.S. at 432. AEDPA sets forth exceptions to this bar, which apply to new rules of constitutional law, factual predicates that could not have been

previously discovered through the exercise of diligence, and facts showing actual innocence by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(A), (B).[1]

Although section 2254(e)(2) is expressly directed at evidentiary hearings and does not mention motions to expand the record under Rule 7(a), both the Supreme Court and the Sixth Circuit hold that a motion to expand the record under Rule 7(a) must meet the conditions of section 2254(e)(2). In *Holland v. Jackson*, 542 U.S. 649 (2004) (*per curiam*), the Sixth Circuit had granted habeas corpus relief on the basis of a witness statement that did not appear in the state-court record. The Supreme Court held that reliance on the statement was erroneous. The court noted the restrictions that section 2254(e)(2) imposes on the availability of evidentiary hearings in a habeas corpus case. "Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." 542 U.S. at 653. Applying *Holland*, the lower federal courts, including the Sixth Circuit, now hold that a petitioner's effort to expand the record by including affidavits or other documentary evidence must meet the conditions under section 2254(e)(2) for an evidentiary hearing. *See Landrum v. Mitchell*, 625 F.3d 905, 923-24 (6th Cir. 2010); *Samatar v. Clarridge*, 225 F. App'x 366, 374 (6th Cir. 2007); *see also Rhoades v. Henry*, 598 F.3d 511, 517 (9th Cir. 2010); *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (when petitioner seeks to expand record under Habeas Rule 7, conditions prescribed by section 2254(e)(2) must still be met); *Owens v. Frank*, 394 F.3d 490, 498-99 (7th Cir. 2005); *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003) (petitioner's attempt to support his allegations with documentary evidence that was not submitted to state court is subject to the restrictions of section 2254(e)(2)); *Boyko v. Parke*,

---

[1] Petitioner relies on different standards articulated in *Harris v. Nelson*, 394 U.S. 286 (1969). *Harris* was decided 25 years before AEDPA was passed.

259 F.3d 781, 790 (7th Cir. 2001) (section 2254(e)(2) governs "[w]hen expansion of the record is used to achieve the same end as an evidentiary hearing").

Under the foregoing authorities, petitioner's request to supplement the record cannot be granted. With regard to the letter showing that no "affidavit of probable cause" is found in the state-court record, expansion of the habeas record is unnecessary. The state-court record is already before this court and it indeed contains no such affidavit. The lack of such an affidavit does not undermine the validity of petitioner's conviction in the least. Furthermore, petitioner's amended habeas claims have nothing to do with an affidavit of probable cause.

Regarding the lease and the text messages, in no sense can this evidence be deemed "new." Review of the Michigan Court of Appeals opinion shows that both the text messages and the lease were the subject of trial and appellate proceedings. *See People v. Johnson*, No. 296722, 2011 WL 2557481, at * 2, 4 (Mich. Ct. App. June 28, 2011). Further, petitioner has not shown diligence justifying the five-year delay in uncovering these allegedly "newly discovered" materials. The lease is ostensibly signed by petitioner himself. It seems that this document would have been readily available at the time of trial. And, the Michigan Court of Appeals has already found as a fact that the existence of petitioner's name on the lease was merely a ruse to mislead his probation officer as to his true residence. Likewise, the purported cell phone text messages (which are not authenticated) all pre-date the trial. Petitioner has not shown diligence as required by 28 U.S.C. § 2254(e)(2).

Finally, none of these materials shows actual innocence. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable jury would have convicted him. *See House v. Bell*, 547 U.S. 518, 536-37 (2006).

In this case, petitioner was convicted of breaking into his girlfriend's apartment, beating her and then raping her. At trial, he argued that he could not be guilty of breaking and entering, because he was a lessee, so he did not enter without authority. The jury was aware of petitioner's claim in this regard, but also had "clear evidence that defendant was not actually a party to the lease, but was added to the victim's copy to make it appear that defendant had met a condition of his federal probation." *Johnson*, 2011 WL 2557481, at * 4. The lease is hardly evidence of actual innocence. The purported text messages, while relevant, are far from exculpatory. If authentic, the text messages showed that the victim was telling petitioner that she loved him days after the assault. Assuming the victim sent these messages, this is not inconsistent with petitioner's guilt. The text messages do not address the rape or indicate in any way that it did not occur. Unfortunately, it is a commonplace in domestic violence situations that victims continue to love their attackers after an assault. The text of these messages does not rise to the level of proof of actual innocence.

## **Conclusion**

Where the state courts have decided an issue, a habeas court is generally required to review that issue on the basis of the evidence that was before the state courts. *See Pinholster*, 131 S. Ct. at 1400-01. Petitioner has not met his high burden of establishing an exception to this rule. He has not shown an inability to present the allegedly new evidence to the state courts despite the exercise of diligence. Furthermore, the evidence does not show actual innocence. The motion to expand the record (docket # 46) must therefore be denied.

Dated:  April 15, 2014           /s/  Joseph G. Scoville
                                 United States Magistrate Judge